CHARLES M. HALL *vs.* TOWN COUNCIL OF NORTH PROVIDENCE.

NOVEMBER 20, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Elections.  Mandamus.*

Under Gen. Laws, 1923, cap. 19, sec. 5, a petitioner who is a citizen of the town where the act complained of, occurred, is entitled to seek a writ of mandamus, in his own name without the consent of or in the name of the attorney-general.

*(2)  Elections.  Counting Ballots.  Mandamus.*

It is the duty of a town council under Gen. Laws, 1923, cap. 10, sec. 18, to meet on the day following an election and count the ballots cast at such election and declare the result, and where a town council met and voted to accept the count of the election officials and declared certain candidates elected, mandamus will issue to order the town council to perform their statutory duty.

MANDAMUS.    Heard on petition for writ and granted.

RATHBUN, J.    This is a petition for a writ of mandamus to be directed to the Town Council of the town of North Providence.    The petition alleges that the petitioner is a resident in and a qualified elector of said town; that at the election held in said town on November 2, 1926, the petitioner was a candidate for the office of Sixth Councilman; that it was the duty imposed by law on the respondents to go into session on the day following said election, and in open meeting count the ballots given in at said election and declare the results thereof; that notwithstanding said duty the respondents, on the day following said election, held a session of said town council and thereat opened, counted, and resealed the ballots of District No. 3 of said town, and also thereat voted that they accept the count of the moderator and clerk of said district and also voted at said session that the count of ballots by the moderators and clerks of Districts No. 1 and 2, respectively, in said town be accepted and that all candidates on the Republican ticket be declared elected.    The petition further alleges that said town council

has neglected and refused to count said ballots as by law required.

At the time of the hearing before us the respondents demurred to the petition upon the ground that the petition was not brought with the consent and in the name of the Attorney-General. The parties being present with witnesses and ready to be heard, the question raised by the demurrer was reserved for decision and the petition was heard on its merits.

The respondents, in support of the demurrer, relied upon the authority of *O'Brien* v. *Board of Aldermen*, 18 R. I. 113. No statute being involved, that case was decided under the common law rules applicable to mandamus, but the facts in the case before us are different from those of the *O'Brien* case, and it is clear that the provisions of Sec. 5 of Chap. 19, G. L. 1923, give the petitioner the right as a citizen of said town to prefer the petition in his own name. Said section provides in part as follows:  "Whenever any person upon whom is imposed any duty connected with the calling, warning or conducting of any town, ward or district meeting, or with the canvassing of the lists of voters for use at such meetings, or with the counting of the votes cast at the same, or the declaring of the result of such votes, shall fail, neglect or refuse to perform such duty within the time specified by law for the performance of the same, the supreme court shall forthwith, upon the petition of any citizen of the city or town where such failure, neglect or refusal occurred, issue its writ of mandamus ordering the person so failing, neglecting or refusing, to perform the duties in question within twenty-four hours from the time of the issuance of said writ." The demurrer is overruled.

At the hearing on the merits the respondents offered no evidence material to the issue. The petitioner introduced without objection an attested copy of the records of said session. The record is as follows:

"Town Council, North Providence, Nov. 3rd, 1926. Present, Messrs. Glen, Aust, Zambarano, Ponton, Thornton, Hartley and White.

The Ballots of District No. 3 were opened and counted and resealed, and it was voted that we accept the count of the Moderator & Clerk of said District.

It was also voted that the count of the Moderator and Clerk of District No. 1 and No. 2 be accepted and that all Candidates on the Republican Ticket be declared elected.

There being no further business it was voted to adjourn.

LOUIS A. SWEET,<br>
*Clerk.*

A true copy,
   Attest,

LOUIS A. SWEET
   Town Clerk."

The facts alleged in the petition have been established. The duty of the respondents to count said ballots and declare the results thereof is clearly set forth in G. L. 1923, Chap. 10, Sec. 18, which provides as follows: "In cities other than the cities of Providence, Pawtucket, Central Falls and Newport, and in towns divided into voting-districts the boards of aldermen and town councils shall be in session on the day following any election for city, town, ward, and voting-district officers, or for any of them, and shall in open meeting count the ballots given in at such election and declare the results thereof . . . ."

On November 22, 1926, at five o'clock, p. m., the writ of mandamus, directed to said town council and the individual members thereof as set forth in the petition, may issue ordering them to hold a session of the town council of said town within twenty-four hours after the issuance of said writ and proceed with all reasonable expedition to count all of said ballots and declare the results thereof.

*Joseph C. Cawley,* for petitioner.
*John L. Curran,* for respondents.